UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*

SDC Solutions, Inc.,
    Plaintiff

v.                            CIVIL ACTION NO. _____

Amcom Software, Inc. and
David R. Manley,
    Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*

## VERIFIED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES

Plaintiff SDC Solutions, Inc. (hereinafter "SDC") complains against Defendants for Tortious Interference with Prospective Contractual Relations, Restraint of Trade, Violations of the New Hampshire Uniform Trade Secrets Act (NHUTSA), Misappropriation of Confidential Information, Misappropriation of Goodwill, and Violation of New Hampshire's Consumer Protection Act. Through this action, Plaintiff seeks preliminary and permanent injunctive relief, actual damages in an amount to be proven at trial, statutory enhanced damages, and attorneys' fees.

### Introduction

SDC brings this action because Defendants have tortiously interfered with SDC's direct marketing efforts to contract with Centennial Medical Center and other prospective customers for the sale and servicing of a console solution product as a part of their actions, Defendants

misappropriated SDC's confidential information and its goodwill, where such actions constitute violations of the NHUTSA, unfair and/or deceptive business practices, and improper restraint of trade.

## Parties

1. Plaintiff, SDC, is a business corporation organized and doing business under the laws of the State of New Hampshire, with a principal place of business in the City of Manchester, County of Hillsborough, State of New Hampshire. SDC is a leading provider of mission critical communications solutions marketed to healthcare, hospitality, higher education, corporate and government institutions. SDC markets its products to these institutions through a sales force located in its Manchester offices and in field offices throughout the United States.

2. Defendant Amcom Software, Inc. (hereinafter "Amcom") is a business corporation organized and doing business under the laws of Delaware, with a principal place of business in the City of Edina, County of Hennepin, and State of Minnesota. Amcom is also a provider of mission critical communications solutions and is a direct competitor to SDC in the marketplace.

3. Defendant David R. Manley (hereinafter "Manley") is an individual with a principal place of residence in the City of Murfreesboro, County of Rutherford, State of Tennessee. Manley was employed by SDC, as a sales representative, from April 17, 2007 through October 26, 2007.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, based upon diversity of citizenship, in that the amount in controversy exclusive of interest is in excess of $75,000 and where SDC is a citizen of New Hampshire and Defendants Amcom

and Manley are, respectively, citizens of Minnesota, Delaware, and Tennessee. In addition, this Court can exercise supplemental jurisdiction over any and all of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Defendants are subject to personal jurisdiction pursuant to Fed. R. Civ. P. 4 because they have engaged in wrongful conduct in this District and are subject to the general jurisdiction of the Courts of the State of New Hampshire. N.H. Rev. Stat. Ann. 510:4.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the claims alleged herein arise from conduct or actions taken in this District.

### Allegations Common to all Counts

7. On or about April 17, 2007, Manley was employed by SDC as a sales representative and, on that date, signed a Confidentiality Statement. See April 17, 2007 Confidentiality Statement, attached hereto and marked Exhibit A.

8. As a central function of his employment, Manley was tasked with contacting prospective customers of SDC's products and attempting to secure agreement from such customers for the purchase and servicing of SDC's products.

9. In furtherance of this goal, while in the exclusive employ of SDC, Manley contacted Centennial Medical Center as a potential customer for a console solution and concomitant servicing agreement.

10. On or about September 14, 2007, upon information and belief, Manley met in some fashion with Bobby Rutledge, Director of Telecommunications for Centennial. See September 17, 2007 Workplace screen shot, attached hereto and marked Exhibit B.

11. Upon information and belief, during the September 14, 2007 meeting, Manley discussed and promoted a "suite of products" to address Centennial's telecommunications needs. See Exhibit B.

12. Upon information and belief, Manley did not identify his employer and/or the source of the products discussed as SDC.

13. Further, based upon the September 14, 2007 log entry on SDC's Workplace software, Manley stated his intent to forward price quotes to Centennial and to schedule an internet based sales presentation (Webex) with Centennial's representatives and SDC's Director of Healthcare Sales, Carol Eaton-Raffle. See Exhibit B.

14. Despite Manley's reference, at Exhibit B, to Carol Eaton-Raffle, Ms. Eaton-Raffle was not advised of the contact and progress made by Manley with Centennial.

15. The referenced sales presentation on "Webex" did not take place during Manley's employ with SDC, nor was SDC or its Director of Healthcare Sales made aware of the contact and/or proposal.

16. Instead, Manley left SDC's employ on or about October 26, 2007.

17. Within less than one week of his October 26, 2007 departure date from SDC, Manley was employed as a sales representative by Amcom where he resumed or continued his sales efforts with Centennial.

18. Having become aware of this new employment of Manley by Amcom, SDC on November 2, 2007 formally called upon Amcom and Manley to adhere to the terms of Manley's April 17, 2007 Confidentiality Statement, a copy of which was appended to undersigned counsel's November 2, 2007 letter. See November 2, 2007 letter to Amcom, attached hereto and marked Exhibit C.

19. Immediately after Manley's departure from the employ of SDC, Joe Jarnutowski reviewed Manley's files in order to assess the status of any and all of his ongoing accounts and prospective clients.

20. It was upon this review that SDC first became aware of Manley's contact and progress with Centennial.

21. After discovering the apparent relationship between Manley and Centennial, undertaken while Manley was in the exclusive employ of SDC, SDC representatives contacted Centennial to further the relationship.

22. Upon this contact by SDC to Centennial, shortly after Manley's departure, SDC was informed that Centennial was unfamiliar with both SDC and its products.

23. Upon information and belief, and not withstanding SDC's subsequent demand, through counsel, that Amcom cease and desist pursuant to the Confidentiality Statement, Amcom has maintained a continuing prospective or actual contractual relationship with Centennial.

24. Upon information and belief, Amcom knew of Manley's contacts with Centennial, for purposes of selling a console solution and servicing agreements similar to those offered by Amcom, at a time prior to or concomitant with Manley's departure from the employ of SDC.

25. Upon information and belief, based upon Centennial's lack of knowledge regarding SDC and its products, Manley's sales contacts to Centennial, prior to leaving the employ of SDC, were undertaken in behalf of Amcom.

26. Defendants' actions, as set forth above, constitute intentional and/or tortious interference with prospective contractual relations, restraint of trade, violations of New Hampshire Uniform Trade Secrets Act, misappropriation of confidential information,

misappropriation of SDC's goodwill, and violations of New Hampshire's Consumer Protection Act.

27. Upon information and belief, Defendants, on an ongoing basis, have identified other entities drawn from SDC's prospective customer list and are undertaking siilar marketing efforts towards these entities.

## COUNT I

### (Tortious Interference with Prospective Contractual Relations)

28. By this reference, Plaintiff re-alleges and incorporates all allegations contained in paragraphs 1 – 27 of this Complaint as though fully set forth herein.

29. At all times relevant hereto, Defendant Manley, by his own efforts as shown on Exhibit B, knew of SDC's prospective contractual relationship with Centennial.

30. Upon information and belief and at all times relevant hereto, Defendant Amcom knew of Manley's sales contacts with Centennial while Manley was in the employ SDC.

31. At all times relevant hereto, Amcom knew of SDC's prospective contractual relationship with Centennial, and others, as aforesaid.

32. At all times relevant hereto, Amcom knew, through Manley, that Centennial was, to some degree, interested in purchasing SDC's products where such products occupy a similar position in the marketplace to those of Amcom.

33. Defendant Manley, upon information and belief, provided Amcom, both during and after his employment relationship with SDC, with SDC's confidential information regarding Manley's contacts with Centennial.

34. Based upon the foregoing, Defendants' Amcom and Manley, without a privilege to do so, induced or otherwise purposely caused Centennial not to enter into or continue a business relationship with SDC. See Baker v. Dennis Brown Realty, 121 N.H. 640, 644 (1981).

35. Without injunctive relief, SDC has no means available to it by which to prevent Defendants' tortious conduct in causing Centennial and others on SDC's prospective customer list not to enter into or continue a business relationship with SDC.

36. No amount of monetary damages can adequately compensate SDC if it loses the ability to control its reputation and goodwill. Therefore, SDC is entitled to injunctive relief prohibiting Defendants from any further sales-oriented contact with Centennial, and others, as aforesaid.

37. SDC is entitled to recover its actual damages as well as any profits realized by Defendants to date and in the future.

38. Because Defendants' have acted willfully, wantonly, and maliciously, SDC is entitled to recover its reasonable attorney's fees pursuant to the common law of the State of New Hampshire.

## COUNT II
### (Restraint of Trade
### N.H. Rev.Stat.Ann. 356:2 et seq)

39. By this reference, Plaintiff repeats, incorporates and re-alleges herein by reference all allegations contained in paragraphs 1-38 of this Complaint as though fully set forth herein.

40. By acting in combination, either before and/or after Manley's departure from the employ of SDC, Amcom and Manley persuaded or induced Centennial and others, as aforesaid, to refuse to deal with SDC. N. H. Rev.Stat.Ann. 356:2 and Mountain Springs Water Company, Inc. v. Mountain Lakes Village District, 126 N.H. 199, 202 (1985).

41. Without injunctive relief, SDC has no means available by which to prevent Defendants' conduct in persuading Centennial and others to refuse to deal with it and will be irreparably harmed by the losses engendered to its goodwill and business reputation.

42. No amount of monetary damages can adequately compensate SDC if it sustains losses, aforesaid, to its reputation and goodwill.

43. SDC is entitled to recover its actual damages as well as any profits realized by Defendants through their misconduct.

44. Because Defendants have acted willfully, wantonly, and maliciously in combining to persuade Centennial and others, as aforesaid, to refuse to deal with SDC, and pursuant to N.H.Rev.Stat.Ann. 356 et seq, SDC is entitled to recover its attorney's fees.

## COUNT III
### (New Hampshire Uniform Trade Secrets Act N.H. Rev.Stat.Ann. 350-B et seq)

45. By this reference, Plaintiff repeats, incorporates and re-alleges herein by reference all allegations contained in paragraphs 1-44 of this Complaint as though fully set forth herein.

46. As set forth in the Confidentiality Statement executed by Manley on April 17, 2007 and attached hereto as Exhibit A, SDC made reasonable efforts to maintain its secrecy with respect to prospective contracting partners.

47. Notwithstanding such efforts to maintain the confidentiality of information relating to its prospective contracting partners, Manley violated his obligations under the Confidentiality Statement by providing Amcom with sales information regarding Centennial, which was at all times relevant hereto a prospective contracting partner to SDC.

48. Manley's violation of the said Confidentiality Statement was knowing and intentional and designed to advance Manley's personal interests together with those of Amcom.

49. SDC is entitled to recover its actual damages as well as any profits realized by Defendants through their misconduct.

**COUNT IV**
**(Misappropriation of Confidential Information)**

50. By this reference, Plaintiff repeats, incorporates and re-alleges herein by reference all allegations contained in paragraphs 1-49 of this Complaint as though fully set forth herein.

51. As aforesaid, Manley possessed and, while in the employ of SDC, developed confidential information respective of Centennia, and others,l which were then and there prospective customers of SDC.

52. Notwithstanding the requirements of the Confidentiality Statement signed by Manley on April 17, 2007 and attached hereto as Exhibit A, Manley provided said confidential information to his subsequent employer, Amcom, within days of departure from SDC's employ.

53. In accepting and using SDC's confidential information, as aforesaid, to advance its own business and economic interests, Amcom similarly misappropriated the said confidential information for its own use and gain.

54. Without injunctive relief, SDC has no means available by which to prevent Defendants' ongoing conduct in utilizing SDC's confidential information for their own monetary gain, and will be irreparably harmed.

55. No amount of monetary damages can adequately compensate SDC for its concomitant loss of goodwill and damage to its business reputation has resulted and will result from the aforesaid misappropriation of confidential information.

56. SDC is entitled to recover its actual damages as well as any profits realized by Defendants through their misconduct.

57. Because Defendants have acted willfully, wantonly, and maliciously, SDC is entitled to recover its reasonable attorney's fees.

## COUNT V
### (Misappropriation of Goodwill)

58. By this reference, Plaintiff repeats, incorporates and re-alleges herein by reference all allegations contained in paragraphs 1-57 of this Complaint as though fully set forth herein.

59. Manley made his initial sales entreaties to Centennial while in the exclusive employ of SDC.

60. In so doing, Manley traded on and explicitly or implicitly invoked and otherwise utilized SDC's goodwill, where the same was developed over a lengthy period of time.

61. By transferring his sales efforts and entreaties, as aforesaid, to his subsequent employ with Amcom, Manley misappropriated SDC's goodwill and business reputation.

62. By utilizing SDC's goodwill and business reputation, as aforesaid, to further its contractual relations, actual or prospective, with Centennial, and others, and in using such goodwill to persuade Centennial and/or other entities not to deal with SDC, Amcom misappropriated SDC's goodwill.

63. Without injunctive relief, SDC has no means by which to prevent Defendants' ongoing conduct and will continue to be harmed irreparably as a result of Defendants' conduct.

64. No amount of monetary damages can adequately compensate SDC if it loses the ability to control its goodwill. Therefore, SDC is entitled to injunctive relief prohibiting Defendants from any further use of SDC's goodwill.

65. SDC is entitled to recover its actual damages as well as any profits realized by Defendants through their misconduct.

66. Because Defendants have acted willfully, wantonly, and maliciously, SDC is entitled to recover its reasonable attorney's fees.

## COUNT VI
### (New Hampshire Consumer Protection Act
### N.H. Rev. Stat. Ann. 358-A:2)

67. By this reference, Plaintiff repeats, incorporates and re-alleges herein by reference all allegations contained in paragraphs 1-66 of this Complaint as though fully set forth herein.

68. Defendants are "persons" within the meaning of Rev. Stat. Ann. 358-A:1.

69. Defendants, through their actions as a combination to persuade Centennial, and others, not to deal with SDC, through their misappropriation of SDC's confidential information and goodwill, through their violations of New Hampshire's Uniform Trade Secrets Act, and through their intentional inference with SDC's prospective contractual relations with Centennial, and others, have engaged in unfair competition and unfair and deceptive acts in violation of N.H. Rev.Stat.Ann. 358-A:2.

70. Because of Defendants' wrongful acts, as alleged herein, SDC has been irreparably harmed, and will continue to suffer irreparable harm unless Defendants are enjoined from continuing to use SDC's confidential information and continuing to deal with Centennial, and others, while persuading Centennial, and others, not to deal with SDC. SDC is entitled to injunctive relief, actual damages, and its costs and attorney's fees in connection with this action.

71. Because Defendants' actions as alleged herein have been willful and knowing, SDC is entitled to recover three times its actual damages pursuant to N.H. Rev.Stat.Ann 358-A:10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enjoin Defendants from utilizing SDC's confidential information as obtained through Defendant Manley;

B. Order Defendants to cease and desist their dealings with Centennial and other entities where Defendants derived information respective of the prospective customer from SDC;

C. Grant such other injunctive relief as may be appropriate to remedy the injuries suffered by Plaintiff;

D. Award SDC its actual damages and an accounting of any and all profits realized by Defendants as a result of their unlawful conduct as aforesaid;

E. Award enhanced damages, treble damages, attorneys' fees and such other further damages as are allowed by law; and

F. Provide such other and further relief as may be just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
SDC, Inc.
By its attorneys,
ROBERT STEIN & ASSOCIATES, PLLC

Dated: March 10, 2008

By: s/George T. Campbell, III
George T. Campbell, III #10488
One Barberry Lane
P.O. Box 2159
Concord, NH 03302-2159
(603) 228-1109

## **VERIFICATION**

I, Joseph Jarnutowski, declare under the pains and penalties of perjuries that I am President of SDC. I have been authorized by SDC to make this declaration and I have read the within *Verified Complaint for Preliminary and Permanent Injunctive Relief and Damages*, and the allegations therein are true to the best of my knowledge and belief.

<div style="text-align:right">

s/Joseph Jarnutowski
Joseph Jarnutowski

</div>